**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RANDAL L. WISE | Criminal Action No. 20-102 (MAS)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court on the United States of America's (the "Government") motions *in limine*. (ECF No. 75.) Defendant Randal L. Wise ("Wise") opposed. (ECF No. 76.) The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1(b), which is applicable to criminal cases under Local Criminal Rule 1.1. For the reasons below, the Court grants in part and denies in part the Government's motions.

The Court adopts and incorporates by reference the background and procedural history detailed in its prior Memorandum Opinion in this matter. *United States v. Wise*, No. 20-102, 2021 WL 5016013, at *1-2 (D.N.J. Oct. 28, 2021), ECF No. 64. On December 6, 2021, the Government moved *in limine* seeking to: (1) admit for impeachment purposes, should Wise testify, evidence that he was convicted in 2008 of sexual battery in Indiana; (2) use pseudonyms for minor victims of sexual abuse; (3) exclude specific statements Wise made after his arrest that the Government characterizes as "self-serving"; (4) use summary charts under Federal Rule of Evidence 1006 for voluminous records; (5) preclude Wise from seeking jury nullification through, among other means, arguing entrapment or informing the jury of the mandatary minimums associated with his charges; and (6) obtain permission from the Court to file additional pretrial motions as necessary.[1]

---

[1] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Evidence.

(Gov't's Moving Br. 5-25, ECF No. 75.) Wise opposes the Government's motions except the prohibition on seeking jury nullification. (Def.'s Opp'n Br. 1-8, ECF No. 76.) The Court will discuss each of the Government's motions in turn.

A.  **Motion 1: Admissibility of Wise's 2008 Conviction as Impeachment Evidence**

First, the Government seeks a ruling on the admissibility of Wise's 2008 state conviction in Indiana for sexual battery as impeachment evidence, should he choose to testify. (Gov't's Moving Br. 5-8.) As the party seeking to introduce the evidence, the Government bears the burden of showing the prior conviction is admissible for the purpose of impeachment. *Gov't of V.I. v. Bedford*, 671 F.2d 758, 761 (3d Cir. 1982). The Government contends that Wise pled guilty in the Superior Court of Indiana, Boone County, to one count of sexual battery. (Gov't's Moving Br. 5.) For this conviction, the Government states that Wise received a suspended three-year sentence and was also placed on probation for a little under three years.[2] (*Id.*) The Government seeks a ruling from the Court that, should Wise testify at trial and place his credibility at issue, the Government would be allowed to introduce evidence of this conviction to impeach his character. (*Id.* at 5-8.)

Rule 609 governs witness impeachment through a prior criminal conviction. *See* Fed. R. Evid. 609. Importantly, Rule 609(b) limits the use of a prior conviction if more than 10 years passed since the earlier of the witness's conviction or "release from confinement." Fed. R. Evid. 609(b). The Government acknowledges that Wise did not serve any prison time for this offense, but rather wants to use the date that his probation ended, June 2011, as the date Wise was "released from confinement." (Gov't's Moving Br. 5.) If the Court accepts this argument, it will place Wise's conviction within 10 years of his 2019 arrest for the instant offenses and fall under the more

---

[2] The Government did not attach the judgment associated with the 2008 conviction to its motion *in limine* or provide any other related documentation. As discussed below, however, this does not impact the Court's ruling.

permissive admissibility standard outlined in Rule 609(a). The Government asks the Court to then deploy the Third Circuit's *Bedford* factors to find the probative value of his prior conviction outweighs the prejudicial effect. (*Id.* at 5-7 (citing *Bedford*, 671 F.2d at 761 n.4).)

Wise counters that he was never incarcerated for the 2008 conviction and under a plain reading of Rule 609(b), "more than 10 years have passed since the [earliest of the] witness's conviction or release from confinement." (Def.'s Opp'n Br. 1-2, ECF No. 76 (quoting Fed. R. Evid. 609(b)).)

The Court agrees that "release from confinement" does not include the termination of a probationary period. *United States v. Rogers*, 542 F.3d 197, 201 (7th Cir. 2008) ("'confinement' for purposes of the ten-year time limit in Rule 609(b) does not include periods of probation or parole."); *United States v. Daniel*, 957 F.2d 162, 168 (5th Cir. 1992) (citing in support of excluding probation as confinement, Rule 609(b)'s historical note reflecting that the Rule was amended to remove the language "the expiration of the period of his parole, probation, or sentence" and replaced with "release from confinement"); *United States v. Butch*, 48 F. Supp. 2d 453, 466 (D.N.J. 1999) (excluding probation for purposes of calculating ten years post-confinement under Rule 609(b)). Nor does the Government cite any legal authority that supports its interpretation of confinement to include probation. As such, the Court finds Wise's 2008 conviction is outside of the 10-year lookback period.

Having determined that Rule 609(b) applies, the Government bears the high burden of showing the probative value *substantially outweighs* the prejudicial effect, or what is effectively a reverse Rule 403 inquiry. Fed. R. Evid. 609(b); *see* Fed. R. Evid. 403. "Convictions over 10 years old will be admitted very rarely and only in exceptional circumstances." *United States v. Shannon*, 766 F.3d 346, 352 n.9 (3d Cir. 2014). Since the prior conviction is over ten years old, many courts

apply a presumption of inadmissibility for a stale conviction as its probative value is more limited but its "prejudicial effect remains." *See, e.g.*, *United States v. Pritchard*, 973 F.2d 905, 908 (11th Cir. 1992). Moreover, prior convictions that are substantially similar to those charged create additional prejudice, which is the case here with the 2008 sexual battery conviction bearing resemblance to the alleged instant offenses. *United States v. Wilson*, No. 15-94, 2016 WL 2996900, at *2 (D.N.J. May 23, 2016) (citing *Gordon v. United States*, 383 F.2d 936, 940 (D.C. Cir. 1967)). The Court finds that the Government fails to meet its high burden and the prior conviction is inadmissible. The Court appreciates that Wise's credibility, should he testify, is likely critical to his defense, and likewise, the Government's rebuttal; however, the probative value of his prior conviction does not "substantially outweigh" the prejudicial effect in this case. Fed. R. Evid. 609(b). The Court, therefore, concludes that Wise's prior conviction is inadmissible.

**B.** **Motion 2: The Use of Pseudonyms for Minors**

Second, the Government seeks to use first-name pseudonyms at trial for all "minor victims" and to prevent personal identifying information about the minors and their families from being disclosed at trial.[3] (Gov't's Moving Br. 9-11 (citing 18 U.S.C. § 3771(a)).) Wise "has no objection" to identifying minors by pseudonyms but argues that the jury need not be informed that fictitious names are being used, as it serves no additional purpose and will unduly prejudice Wise by suggesting wrongdoing. (Def.'s Opp'n Br. 4.) Wise urges the Court to assign full-name pseudonyms and refrain from disclosing the use of fictitious names to the jury. (*Id.* at 4-5.)

In light of the Government and Wise's positions, the Court finds it appropriate to reserve on this motion pending further consultation with the parties. The Court will issue a ruling as to the

---

[3] Based on the Court's ruling that Wise's 2008 conviction is inadmissible, the Government's request to use a pseudonym with respect to the victim of that offense is moot.

4

manner and extent in which pseudonyms will be used for minors at trial, including for exploring potential juror bias during voir dire, in a subsequent order.

C. **Motion 3: Preclusion of Wise's Post-Arrest Statements**

Third, the Government seeks a ruling to exclude specific statements made by Wise after his arrest that it characterizes as "self-serving hearsay." (Gov't's Moving Br. 11-13.) According to the Government, these statements do not fall within any exception or exclusion to the rule against hearsay and are inadmissible. (*Id.* at 12.) The Court is unable to issue a ruling on the statements, however, without the context of trial and will therefore reserve on its decision. Wise acknowledges limitations on out-of-court statements and represents that he will seek a ruling at sidebar if he intends to introduce them at trial. The Court agrees with this approach and reserves its ruling for trial, should it be raised.

D. **Motion 4: The Government's Use of Summary Charts Under Rule 1006**

Fourth, the Government requests permission to use summary charts at trial of the cell site mapping, and text and chat messages between Wise and others, under Rule 1006. The Government contends that summary charts are appropriate here because (1) the underlying records are admissible; (2) the records are voluminous; (3) the charts accurately summarize the underlying documents; (4) the charts are available to Wise for inspection; and (5) a person involved in preparing the charts is available for cross-examination at trial. (*Id.* at 14 (citing, among others, *United States v. Manamela*, 463 F. App'x 127, 132 (3d Cir. 2012)).) According to the Government, certain communications it intends to present at trial will include thousands of pages of records. (*Id.* at 15.)

Wise argues the Government failed to meet its burden of showing "the volume [of documents] is such that it warrants the utilization of a summary chart." (Def.'s Opp'n Br. 7.) Wise

further contends that because the Government has not produced the summary charts, they cannot be assessed for accuracy. (*Id.* at 6.)

As a preliminary matter, when the Government submitted its motions *in limine*, it was still in the process of creating the summary charts. Accordingly, the Court reserves on whether the specific summary charts the Government seeks to use are appropriate; however, the Court is satisfied that the Government has met its initial burden of showing the use of summary charts would be beneficial considering the Government's representation of the number of relevant documents it intends to use at trial. *Manamela*, 463 F. App'x at 132. Should Wise raise a substantive objection later about the contents of the summary charts or whether they fairly depict the underlying documents, the Court will issue a ruling then on its use at trial. *United States v. Jennings*, 724 F.2d 436, 441 (5th Cir. 1984) ("Recognizing the possibility for misuse of summary charts . . . a trial judge must carefully handle their preparation and use." (citation omitted)); *United States v. Malik*, 424 F. App'x 122, 128 (3d Cir. 2011) ("To have a summary admitted, the proponent of a summary must lay a proper foundation and show that the summation is accurate." (citing *Pritchard v. Liggett & Myers Tobacco Co.*, 295 F.2d 292, 301 (3d Cir. 1961))). The Court will also conduct an independent review of the summary charts prior to trial.

E.   **Motion 5: Preclusion of Wise Soliciting Jury Nullification**

Next, the Government seeks a ruling that Wise is precluded from pursuing jury nullification at trial, including through introducing evidence of the Government's charging decisions concerning third parties, informing the jury of the mandatory minimum penalties associated with his charges should he be convicted, and arguing that he was the victim of government entrapment. (Gov't's Moving Br. 16-24.) Wise acknowledges jury nullification is not permitted and represents that he understands his obligations under the rules that govern a criminal trial. (Def.'s Opp'n Br.

6

7-8.) Because the Government moves unopposed to exclude evidence that is already inadmissible, the Court grants its request.

F.   **Motion 6: Subsequent *in Limine* Motions by the Government**

Finally, the Government requests leave to file additional *in limine* motions, as necessary, based on evidentiary issues that may surface as the parties prepare for trial. (Gov't's Moving Br. 25.) Wise does not respond to this request. The Court grants the Government's motion.[4]

**IT IS**, on this 25th day of January 2022, **ORDERED** that:

1. The Government's first motion *in limine* (ECF No. 75) to introduce evidence of Wise's 2008 sexual battery conviction is **DENIED**.

2. The Court **RESERVES** on the Government's second motion *in limine* (ECF No. 75) for the use of pseudonyms for minors.

3. The Government's third motion *in limine* (ECF No. 75) for a pretrial order precluding Wise from introducing certain post-arrest statements at trial is **DENIED**.[5]

4. The Government's fourth motion *in limine* (ECF No. 75) to use summary charts at trial under Federal Rule of Evidence 1006 is **GRANTED**, subject to further objections by Wise and the Court's independent review of the summary charts.

5. The Government's fifth motion *in limine* (ECF No. 75) to preclude Wise from introducing evidence of charging decisions concerning third parties, informing the jury of the mandatory minimum penalties, and arguing entrapment is **GRANTED**.

---

[4] Likewise, Wise may also file additional *in limine* motions, as necessary, on newly discovered evidentiary issues.

[5] The Government may raise this objection again at trial should Wise seek to introduce the out-of-court statements.

6. The Government's sixth motion *in limine* (ECF No. 75) for permission to file subsequent *in limine* motions, as necessary, based on newly discovered evidentiary issues is **GRANTED**.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**