**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>RANDAL WISE. | Criminal Action No. 20-102 (MAS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Defendant Randal Wise's ("Wise" or "Defendant") motion for a new trial under Federal Rule of Criminal Procedure 33(a).[1] (ECF No. 149.) The Government opposed. (ECF No. 157.) The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1, which is applicable to criminal cases under Local Civil Rule 1.1. For the reasons stated below, the Court denies Wise's motion for a new trial.

## I.      BACKGROUND

### A.      Procedural Background

The Court adopts and incorporates by reference the background and procedural history detailed in its prior Memorandum Opinion in this matter. *United States v. Wise*, No. 20-102, 2021 WL 5016013, at *1-2 (D.N.J. Oct. 28, 2021). (*See also* ECF No. 64.) Since that opinion, this Court held a jury trial on a four-count Superseding Indictment.[2] (*See* ECF No. 99.) At trial, the

---

[1] All references to "Rule" or "Rules" refer to the Federal Rules of Criminal Procedure.

[2] The Counts were: (1) attempted online enticement of a minor ("Count One"); (2) transportation of child pornography ("Count Two"); (3) possession of child pornography ("Count Three"), and (4) attempted transfer of an obscene image to an individual, believed to be a minor under the age of 16 ("Count Four"). (Superseding Indictment, ECF No. 36.)

Government introduced into the record as exhibits: (1) screenshots and photos of chats on the Grindr application between Wise and Detective Brian Borow ("Detective Borow"), an undercover law enforcement officer acting under the alias "Steve"; (2) screenshots and photos of chats on the Grindr application between Wise and Detective Jeanne Trillhasse ("Detective Trillhasse"), an undercover law enforcement officer acting under the alias "Sean"; and (3) chats on the Grindr application between Wise and an unspecified undercover law enforcement officer acting under the alias "Mark" (Exs. 101, 204, 411(a); *see* Gov't's Opp'n Br. 2-4.) All of the aforementioned chats were memorialized by a data extraction report ("GreyKey Extraction Report"),[3] which was introduced into evidence at trial. (Exs. 410, 411(a), 411(b).) *Wise*, 2021 WL 5016013, at *2.

As to the Grindr application chats between Wise and "Steve" and Wise and "Sean," Detective Borow testified that screenshots of these chats were taken on both Detective Borow's phone and Detective Trillhasse's phone while the chats were occurring live.[4] (Trial Tr. 45:13-14; 72:18-21; Gov't's Opp'n Br. 2-3.) *Wise*, 2021 WL 5016013, at *1. Notably, Wise stipulated at trial that these screenshots were "true and correct screenshots of the images contained on Randal Wise's telephone of the Grindr communication." (Trial Tr. 192:14-19, 23-25; Stipulation #4 at 1-2, annexed to Gov't's Opp'n Br. as Def. Ex. 1.)

Ultimately, the jury found Wise guilty on all counts at trial. (Redacted Jury Verdict 1-2, ECF No. 114.) Wise's sentencing is currently scheduled for July 11, 2024.

---

[3] *Wise*, 2021 WL 5016013, at *2 ("After obtaining Wise's written and verbal consent, the Government performed a data extraction from Wise's phone.").

[4] These chats were also retrieved from Wise's phone immediately after he was apprehended on October 26, 2019, as he had left his phone unlocked and open to the Grindr application chats. (Trial Tr. 45:13-14; 72:18-21; Gov't's Opp'n Br. 2-3; *see also* Exs. 102, 203, 306(a).)

**B.      The Instant Motion**

On May 8, 2024, Wise filed the instant motion for a new trial based on newly discovered evidence that allegedly demonstrates that the Government relied upon fabricated evidence at trial. (*See* Def.'s Moving Br. 1, ECF No. 149.)

Wise states that since the trial, he has acquired e-mail messages exchanged between a paralegal service (hired by Wise) and customer service agents for the Grindr application (the "Grindr E-Mail Correspondence"). (*Id.* at 1.) In the Grindr E-mail Correspondence, a Grindr customer service agent explains that when an account is blocked, both the blocker and blocked user are prevented from accessing each other's profiles and chat history. (Grindr E-mail Correspondence 3, annexed to Def.'s Moving Br. as Ex. 3.) The agent explains that the chat history is then removed from both users' devices. (*Id.*) Additionally, Wise points to Grindr's Help Center Page, which specifies that upon deletion of a Grindr account, all chats are deleted and unrecoverable. (Grindr Help Center Page 4, annexed to Def.'s Moving Br. as Ex. 3(d).)

Additionally, Wise argues that the chats between him and "Steve" should never have existed because Wise blocked "Steve" when he found out "Steve" was a minor, making the chat histories fully deleted and unrecoverable. (Def.'s Moving Br. 1-3.) Accordingly, Wise argues that the Grindr chat messages introduced at trial were fabricated because these chats did not and could not have existed. (*Id.* at 3-4.) Specifically, Wise argues that the Grindr E-mail Correspondence "indicates that the GreyKey Extraction Report used at trial by the Government was not what was contained on Wise's phone at the time of his arrest, and that the phone was subject to tampering before trial." (*Id.* at 1.)

On June 7, 2024, the Government opposed. (Gov't's Opp'n Br., ECF No. 157.) The Government counters that the motion "should be denied because the alleged 'newly discovered'

evidence that the Defendant relies upon was available to the Defendant at the time of trial." (*Id.* at 1.) Wise did not file a reply brief.

## II.   **LEGAL STANDARD**

Under Rule 33(a), the Court may vacate any judgment and grant a new trial if the interest of justice so requires. Fed. R. Crim. P. 33(a). Evidence is not viewed favorably to one side or the other—instead the Court "exercises its own judgment." *United States v. Johnson*, 302 F.3d 139, 150 (3d Cir. 2002); *see also United States v. Quiles*, 618 F.3d 383, 390 (3d Cir. 2010) (citation omitted) ("A determination of whether it should grant a new trial is left to the discretion of a district court.")

A motion for a new trial based on newly discovered evidence is granted only when the following *Ianelli* requirements are satisfied:

> (a) the evidence must be in fact, newly discovered, i.e., discovered since the trial; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) the evidence relied on[] must not be merely cumulative or impeaching; (d) it must be material to the issues involved; and (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal.

*United States v. Cimera*, 459 F.3d 452, 458 (3d Cir. 2006) (citing *United States v. Iannelli*, 528 F.2d 1290, 1292 (3d Cir.1976)). Defendant bears "a heavy burden in meeting these requirements." *United States v. Saada*, 212 F.3d 210, 216 (3d Cir. 2000) (internal quotation marks and citation omitted). "[T]he failure of one element is a sufficient basis to deny a motion for a new trial." *United States v. Jasin*, 280 F.3d 355, 365 (3d Cir. 2002). A district court "can order a new trial only if it believes that there is a serious danger that a miscarriage of justice has occurred—that is, that an innocent person has been convicted." *United States v. Silveus*, 542 F.3d 993, 1004-05 (3d Cir. 2008) (internal quotation marks and citation omitted). Rule 33 motions are "granted sparingly and

only in exceptional cases." *Id.* at 1005 (quoting *Gov't of V.I. v. Derricks*, 810 F.2d 50, 55 (3d Cir. 1987)).

**III.   <u>DISCUSSION</u>**

Wise asserts that there is newly discovered evidence in this case, specifically, the Grindr E-Mail Correspondence, that necessitates a new trial. The Court begins by considering whether Wise satisfies the first two *Iannelli* requirements—that the evidence is "newly discovered" and that Wise exercised due diligence.

"Evidence is not 'newly discovered' if it 'was [actually] known or could have been known by the diligence of the defendant or his counsel [at the time of trial].'" *Cimera*, 459 F.3d at 461 (first alteration in original) (quoting *United States v. Bujese*, 371 F.2d 120, 125 (3d Cir. 1967)). "[T]o satisfy the diligence standard, counsel must conduct further inquiry once the circumstances alert [him] to the existence of additional information that has a reasonable possibility of proving material to the defense." *United States v. Noel*, 905 F.3d 258, 272 (3d Cir. 2018).

Here, Wise concedes that the instant motion includes "facts that are not new but carry new connotations due to the new [Grindr] revelations."[5] (Def.'s Moving Br. 3.) Indeed, Wise's allegedly "newly discovered" information in the Grindr E-mail Correspondence—that the chat history between two users is deleted when an account is blocked or deactivated—is included in Grindr's Help Center Page. (Gov't's Opp'n Br. 6; *see generally* Grindr E-Mail Correspondence; Grindr Help Center Page, annexed to Def.'s Moving Br. as Exs. 3(a)-(d).) Critically, Wise fails to demonstrate that such evidence was unavailable to him at the time of trial. (*See generally* Grindr Help Center Page; *see also* Gov't's Opp'n Br. 7.) As such, this evidence does not qualify as "newly

---

[5] (*See also* Def.'s Moving Br. 1 ("Although some of the evidence Wise uses in this motion is not 'new,' they are necessarily included to demonstrate why the new evidence from [Grindr] was so important as to mandate a new trial.").)

discovered." *United States v. Jasin*, 280 F.3d 355, 368 (3d Cir. 2002) ("[Defendant] cannot overcome the unambiguous language of Rule 33, which contemplates granting of a new trial on the ground of 'newly discovered evidence' but says nothing about newly available evidence."); *see Cimera*, 459 F.3d at 461; *see also United States v. Webster*, 886 F. Supp. 2d 411, 415 (D. Del. 2012) (denying defendant's motion for a new trial in a firearm possession by a felon case on the grounds that the signed statement by defendant's father stipulating that he owned the firearm found in the search at issue was already known to the defendant at trial and therefore did not qualify as newly discovered evidence).

Moreover, Wise's argument that the evidence is new because it carries "new connotations" and is "important as to mandate a new trial" is meritless. (Def.'s Moving Br. 1, 3.) Even if the Court were to assume that Wise was not aware of the substance of the Grindr Help Center Page at the time of trial, his lack of knowledge would represent a failure of diligence on his own part. *See Cimera*, 459 F.3d at 462 (reversing an order granting defendant's motion for a new trial because defendant "could have discovered evidence to support the [necessary] conclusion . . . before or at the time of the trial through the exercise of reasonable diligence.") In short, if Wise did not already understand the significance of the relationship between the chat messages and the Grindr Help Center Page, he should have conducted further inquiry to satisfy the diligence element. *Noel*, 905 F.3d at 272 ("[W]e hold that to satisfy the diligence standard, [movant] must conduct further inquiry once the circumstances alert [him] to the existence of additional information that has a reasonable possibility of proving material to the defense.").

In sum, Wise fails to satisfy his heavy burden in establishing that he is entitled to a new trial under the first two *Ianelli* prongs. The Court, therefore, need not discuss the remaining *Ianelli* prongs.

IV.    **CONCLUSION**

For the reasons stated above, the Court denies Wise's motion for a new trial. An Order consistent with this Memorandum Opinion will follow.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE